IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| STEVEN KELTY, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 07-335 |
| | ) | |
| v. | ) | Judge Conti |
| | ) | Magistrate Judge Caiazza |
| SUPT. LOCKETT, *et. al*, | ) | |
| | ) | |
| Respondents. | ) | |

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

### I.   **RECOMMENDATION**

It is recommended that the Petition for Writ of Habeas Corpus filed by Steven Kelty be transferred to the United States District Court for the Eastern District of Pennsylvania.

### II. **REPORT**

The Petitioner, Steven Kelty ("Kelty"), is a state prisoner incarcerated at the State Correctional Institution at Greensburg, Pennsylvania. In this action he seeks to challenge a sentence of eight and one-half to twenty-one years imprisonment imposed in the Court of Common Pleas of Chester County, Pennsylvania, in 2002. This is not the proper venue for Kelty's federal habeas petition.

The venue statute applicable to habeas corpus petitions is found at 28 U.S.C. § 2241(d); it provides as follows:

> (d) Where an application for a writ of habeas corpus is made by a person in custody under the judgment and sentence of a State court of a State which contains two or more Federal judicial

> districts, the application may be filed in the district court for the district wherein such person is in custody or in the district court for the district within which the State court was held which convicted and sentenced him and each of such district courts shall have concurrent jurisdiction to entertain the application. The district court for the district wherein such an application is filed in the exercise of its discretion and in furtherance of justice may transfer the application to the other district court for hearing and determination.

Also, the provisions of 28 U.S.C. §1404 grant district courts discretion to transfer cases to any other district where the action may have been commenced by a habeas petitioner.

Kelty was convicted and sentenced in Chester County, Pennsylvania. Accordingly, the state court records necessary to appropriately dispose of this case are located in Chester County. In addition, it is likely that any potential witnesses reside in Chester County, which is located within the jurisdiction of the United States District Court for the Eastern District of Pennsylvania. Moreover, the federal district courts in the three separate districts in the Commonwealth of Pennsylvania all follow the uniform practice of transferring habeas petitions filed by persons incarcerated within their districts to the district which encompasses the county in which the petitioner was convicted. For these reasons, it is recommended that this action be transferred to the United States District Court for the Eastern District of Pennsylvania pursuant to the provisions of 28 U.S.C. §2241(d) and 28 U.S.C. §1404.

In accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1)(B) & (C) and Local Rule 72.1.4 B, objections to this Report and Recommendation are due by April 9, 2007. Failure to timely file objections may constitute a waiver of any appellate rights.

s/Francis X. Caiazza  
Francis X. Caiazza  
United States Magistrate Judge

Dated: March 22, 2007

cc:  
Steven Kelty  
FB-9401  
S.C.I. Greensburg  
R.D. #10, Box 10  
Greensburg, PA 15601